IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ERIK LARA VILLEGAS,

          Petitioner,

vs.

WARDEN, MCCOOK DETENTION
CENTER, et al.,

          Respondents.

8:26-CV-375

MEMORANDUM AND ORDER
CONDITIONALLY GRANTING
WRIT OF HABEAS CORPUS

The *pro se* petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement at the McCook Detention Center in McCook, Nebraska. Filing 1. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The petitioner asserts his prolonged detention—since December 1, 2025—violates the Due Process Clause of the Fifth Amendment of the United States Constitution. Filing 1 at 6. The Court agrees, and will conditionally grant the petition.

The petitioner is a citizen of Mexico. He entered the United States in October 2004 and lived in Minneapolis. *See* filing 7 at 3. He was arrested by local police in November 2013 pursuant to an outstanding warrant for a DWI and placed in ICE custody. He was released on his own recognizance that same day, subject to certain conditions. *See* filing 7 at 3-4. He was again taken into custody in March 2019 because of a second DWI arrest, and released on bond and placed on "ATD," the Alternatives to Detention program.[1] Filing 7 at 4. In

---

[1] ATD was an ICE program that used electronic monitoring and other technologies to ensure compliance with release conditions. *See generally* Department of Homeland Security,

September 2024, the petitioner was ordered removed by an immigration judge. He timely filed an appeal; that appeal is still pending.

According to the petitioner, he was issued a "notice" in October 2025, directing him to appear for an interview at the Whipple Federal Building in Fort Snelling, Minnesota, in December 2025. Filing 1 at 12. When he arrived for the interview, he was immediately taken into ICE custody. Filing 1 at 12. He was then transferred to the McCook Detention Center.

According to the government, the petitioner returned to custody "after a bond demand," filing 7 at 4, whatever that means. There is no allegation or evidence from the government that the petitioner violated any of the terms of his release, or that the government terminated his participation in the ATD program. The petitioner has been detained for over eight months and has not received an individualized custody determination.

Because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, the Court will conditionally grant the petition for the reasons articulated by the undersigned in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

Even if the petitioner's detention was subject to the procedures in § 1225, his prolonged detention without an individualized custody determination infringes on his Fifth Amendment due process rights for the reasons articulated by the undersigned in *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026). Accordingly,

---

DHS/ICE/PIA-062 Alternatives to Detention (ATD) Program, https://perma.cc/9XZF-QRMS (last updated August 24, 2023); U.S. Immigration and Customs Enforcement, Alternatives to Detention, https://perma.cc/NFA5-RR7Z (last updated January 7, 2026); Audrey Singer, Cong. Rsch. Serv., R45804, Immigration: Alternatives to Detention (ATD) Programs (2019).

IT IS ORDERED:

1.    The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2.    The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before August 13, 2026**.

3.    If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4.    If an immigration judge determines the petitioner should be released on bond, the government shall return the petitioner to Minneapolis, Minnesota.

5.    **On or before August 17, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 6th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge