IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ERIK LARA VILLEGAS,

Petitioner,

vs.

WARDEN, McCook Detention Center, et al.,

Respondents.

8:26-CV-375

ORDER TO SHOW CAUSE

The Court entered judgment in this case conditionally granting the petition for writ of habeas corpus, ordering the government to provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations on or before August 13, 2026, or immediately release the petitioner. Filing 10. The government represented its compliance with that judgment. Filing 11. In other words, the government represented that a bond redetermination hearing had been held which provided the petitioner with the process required by the statute and applicable regulations. *See generally Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026).

The petitioner has now filed a new petition, docketed as filing 1 in case no. 8:26-cv-484, in which the petitioner alleges—and declares under penalty of perjury, *see* filing 3 at 9—that the immigration judge who denied his release on bond did so based on a belief that he did not have authority to grant it. The Court takes judicial notice of case no. 8:26-cv-484. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (court may take judicial notice, whether requested or not of its own records and files, and facts which are part of its public records, particularly the court's own records of prior litigation closely related to the case before it).

The petitioner's averments there raise the question whether the Court's order in this case was substantially complied with. Accordingly, the Court will direct the government to show cause why the petitioner should not be released from custody pursuant to the Court's previous judgment. Such a showing may be made by providing the Court with evidence of the immigration court's decision (such as the immigration judge's order and/or a transcript of the detention hearing) demonstrating that the hearing was held pursuant to § 1226(a) and the corresponding regulations, and that the immigration judge's ruling was premised on an a individualized justification to detain the petitioner without bond.

IT IS ORDERED that on or before September 4, 2026, the government shall show cause why the petitioner should not be immediately released pursuant to the Court's judgment (filing 10).

Dated this 31st day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge